UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:07CV-150-JHM**

**ANDREW T. SWIFT**                                                                                     **PLAINTIFF**

**V.**

**TRIM MASTERS, INC.,**
**SPHERION OF CENTRAL KENTUCKY, INC.,**
**OMNI PERSONNEL, INC.,**
**JAY KIPER,**
**ANDREA THOMAS, and**
**JULIE FRANKS**                                                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a Motion to Remand [DN 11], a Motion to Amend Complaint [DN 15], and a renewed Motion to Remand [DN 15] by Plaintiff, Andrew Swift. This matter stands ripe for decision. For the following reasons, Plaintiff's Motion to Remand is **DENIED**, and the request to file an amended complaint is **GRANTED.**

### I. BACKGROUND

Plaintiff, Andrew Swift, filed suit against Defendants in Grayson County Circuit Court claiming he was unlawfully terminated from his employment solely because he had a firearm in his vehicle. Plaintiff contends that he has a "concealed weapons" permit and that "[p]ossession of a firearm in the glove compartment of his vehicle, which was located in the parking lot [of his employer], is in keeping with [his] statutory right as expressed in the United States' and Kentucky's Constitutional right to bear arms provisions and statutory 'concealed weapons' provisions." See Complaint, ¶¶ 9,11. Plaintiff also alleges his termination was unlawful pursuant to two Kentucky

statutes. Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441, asserting that the case presented a federal question. Plaintiff responded by "withdrawing" his federal constitutional claim and asking that the case be remanded. After the Defendant pointed out that the claim could not be "withdrawn" without an amendment to the complaint, the Plaintiff sought leave to amend.

## II. JURISDICTION

The "well-pleaded complaint" rule is used to determine whether a complaint arises under federal law. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S. Ct. 1542 (1987). For purposes of removal, when determining if subject matter jurisdiction exists, a court must look at the "well-pleaded" complaint as it existed at the time the petition for removal was filed. Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 210 (6th Cir. 2004).

Plaintiff's complaint, at the time Defendants petitioned for removal, raised a federal question by asserting his U.S. Constitutional rights were violated. Therefore, this court has "original jurisdiction founded on a claim or right arising under the Constitution" and removal was proper based on 28 U.S.C. §1441(b). This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

## III. MOTION TO AMEND AND REMAND

Plaintiff seeks to amend his complaint by removing the federal claim which prompted removal, hoping that will result in a remand. Fed. R. Civ. P. 15(a) requires a district court to grant leave to amend "freely...when justice so requires." If Plaintiff wishes to amend his complaint to remove the federal constitutional claim, he is hereby granted leave to do so. However, Plaintiff should understand that this Court is not divested of jurisdiction simply because he chooses to drop his federal claim. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S. Ct. 586

(1938); See also Long v. Bando Mfg. Of Am., Inc., 201 F.3d 754, 758 (6th Cir. 2000) (holding that district court was not divested of subject matter jurisdiction upon dismissal of federal claims).

If the Plaintiff chooses to drop his federal claim, he could then file a motion asking this Court to refrain from exercising jurisdiction over the supplemental state law claims. The Defendants would have an opportunity to respond. At that time, the Court would decide whether to exercise its discretion to remand the pendant state law claims or decide them on the merits.[1]

### IV. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Remand is **DENIED**, and Plaintiff is granted leave to amend his Complaint if he wishes.

cc: counsel of record

---

[1] In a response to the motion to remand, Defendants cite case law that instructs a court, in deciding whether to remand, to weigh any "manipulative tactics" used by Plaintiff when Plaintiff has filed an amended complaint. Carnegie-Mellon Univ. V. Cohill, 484 U.S. 343, 357 (1988). While that issue may arise in light of subsequent motions, it is not necessary to discuss it at this time. Also, courts in the Sixth Circuit have held that the best approach, when deciding whether to resolve a pendent state claim on the merits or to remand, is to balance the interests of the parties, as well as, the interests of judicial economy. Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 758-759, 761 (6th Cir. 2000) (citations omitted).